IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:16cr20 |
| | ) | |
| v. | ) | |
| | ) | |
| NATHANIEL TYREE MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

## **POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, Andrew Bosse and Joseph E. DePadilla, Assistant United States Attorneys, and John F. Butler, Special Assistant United States Attorney, hereby submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined the applicable guidelines range to be a term of 57 to 71 months' imprisonment, plus a mandatory minimum 84 months' imprisonment, to run consecutively. The Probation Office calculated a Total Offense Level of 21 and a Criminal History Category of IV. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and consulted with the Probation Office. The government does not dispute any of the sentencing factors set forth in the PSR or the guidelines range calculation.

For the reasons outlined below, the United States respectfully submits that a sentence at the high end of the guidelines range is appropriate in this case and would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

**I.     Background**

On February 4, 2016, a federal grand jury indicted the defendant on four counts, all stemming from the robbery of a Shell gas station store on December 27, 2015: conspiracy to interfere with commerce by means of robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); interference with commerce by means of robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 2); using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 3); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 5).  Docket No. 1.  On April 18, 2016, the defendant pleaded guilty to all four charges without a plea agreement.  Docket Nos. 30-34.  The defendant is scheduled to appear before this Court for sentencing on July 27, 2016, at 11:00 a.m.

**II.    Motion**

The United States moves this Court, pursuant to U.S.S.G. § 3E1.1(b), to grant a one-level reduction in the defendant's offense level for acceptance of responsibility.  The defendant timely notified the United States of his intention to enter a plea of guilty, thereby allowing the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

**III.   Position on Sentencing and Argument**

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process.  First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range."  *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006).  "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'"

*Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

    A)    <u>Nature and Circumstances of the Offense</u>

The nature and circumstances of the offense are exceptionally serious. Two days after Christmas of last year, late at night, the defendant and his co-defendant, both members of a violent Bloods street gang, walked into a Shell gas station store wearing red bandanas over their faces. The co-defendant told the clerk, who was alone in the store, that he would kill her if she did not give him the money from the register. As she attempted to open the register, the co-defendant brandished a firearm and began counting down from ten, intimating that he would shoot her if she could not open the drawer before he finished. The defendant joined in this countdown after it began. Thankfully, the clerk was able to open the drawer in time. The defendant and his co-defendant stole the cash in the register and left.

Portsmouth police officers responded quickly, and two officers on their way to the scene spotted the defendant and his partner driving away from the Shell station. After realizing that officers were following the car, the defendants led multiple police units on a high-speed chase through a residential neighborhood. The defendant eventually stopped the car, and the men fled in different directions. The defendant left a loaded revolver in the car. He hid in a shed behind a house, where he was eventually found by a police dog.

3

After both men were arrested and charged in state court, the defendant wrote a letter to a fellow Bloods gang member in which he described his arrest and the evidence the police had recovered. *See* PSR ¶ 5. The defendant encouraged the other gang member to locate the robbery victim at the state preliminary hearing and attempt to intimidate her into refusing to testify: "Let her know that if she shows up again that she will be dealt with." *Id.* Alternatively, the defendant wrote, "just kill the b*tch. (That's up to Bro)." *Id.*

B) History and Characteristics of the Defendant

The defendant is 24 years old. He was raised initially in a two-parent household, but his father was prosecuted in this Court and spent most of the defendant's pre-teen and teenage years in federal prison. PSR ¶¶ 43-44. His basic needs were met, he did not suffer from any type of abuse, and he has no history of psychological or psychiatric problems. PSR ¶¶ 44, 49. The defendant admitted in a state presentence report that he led himself to the "crazy" streets. He is a self-acknowledged Bloods gang member and has been since he was nine years old. PSR ¶ 45. The defendant admitted he is now part of the Nine Trey Gangsters. PSR ¶ 46. He claims to have substance abuse problems involving alcohol and marijuana. PSR ¶ 50. After he was expelled from school, reportedly for gang activities, he received his GED. PSR ¶¶ 51-52. The defendant admits he has never held a real job for more than six months as an adult. PSR ¶ 57.

Within a relatively short amount of time, the defendant earned a Criminal History Category of IV. His prior crimes, like the current one, centered largely around theft: the defendant has convictions for grand larceny, burglary, obtaining money by false pretense, and larceny from the person, along with probation violations. PSR ¶¶ 34, 35. His offenses have been escalating, and he committed the instant armed robbery while under court supervision.

### C. The Need for Specific Deterrence

The government submits that the defendant's criminal history, the seriousness of the crimes of conviction here, and the decision he made to try to have a witness threatened or killed, create a significant need for specific deterrence that will protect the public from further crimes. Multiple previous short-term incarcerations in the state system and ongoing supervision by the state court did nothing to deter the defendant from committing this armed robbery. The robbery itself was particularly vicious. There is no evidence in the surveillance video that the clerk failed to comply with any of the co-defendant's demands. Despite that, the co-defendant brandished a handgun and threatened multiple times to kill her. The defendant then chose to lead the police on a dangerous high-speed chase through a residential neighborhood before leaving his gun in the vehicle, fleeing on foot, and hiding in a local citizen's shed. Multiple armed officers and a police dog had to comb the neighborhood before they found him, creating a stressful situation for the many uninvolved civilians in the area.

The defendant is part of a violent Bloods street gang. He asked one of his fellow gang members to intimidate or kill the witness in this case. The defendant's words—especially the casual manner in which he notes, as one option among others, simply taking the witness's life—are bereft of humanity. For the defendant, this woman was no more than an obstacle in his path. He and his fellow gang members are savvy enough to know that she would have had to appear at the state preliminary hearing; the case was adopted federally in part to prevent this crime from escalating further. All types of armed robberies are serious, but this crime is near the top of the range. The defendant showed by his actions, both during and after the crime, that the lives of others mean little to him. For all these reasons, the government asks for a sentence at the top end of the guidelines range.

## IV. Conclusion

Taking all the Section 3553(a) factors into account, the government respectfully submits that a sentence at the high end of the guidelines range is appropriate and not greater than necessary to reflect the seriousness of this case, promote respect for the law, and afford specific deterrence to this defendant.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:    /s/
Andrew Bosse
Joseph E. DePadilla
Assistant United States Attorneys
John F. Butler
Special Assistant United States Attorney
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
andrew.bosse@usdoj.gov
joe.depadilla@usdoj.gov
john.f.butler@usdoj.gov

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 20th day of July, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, including:

>James E. Short, Esq.
>652 Independence Parkway
>Suite 120
>Chesapeake, Virginia 23320
>Office Number: 757-410-5042
>
>*Attorney for Defendant Nathaniel Tyree Mitchell*

      I HEREBY CERTIFY that on this 20th day of July, 2016, I sent by electronic mail a true and correct copy of the foregoing to the following:

>Leah D. Greathouse
>U.S. Probation Officer
>600 Granby Street, Suite 230
>Norfolk, Virginia 23510

      /s/
Andrew Bosse
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
andrew.bosse@usdoj.gov