IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:16cr20 |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY DERRELL FOYE, | ) | |
| | ) | |
| Defendant. | ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Dana J. Boente, United States

Attorney, Andrew Bosse and Joseph E. DePadilla, Assistant United States Attorneys, and John F.

Butler, Special Assistant United States Attorney, hereby submits its position with respect to the

defendant's sentencing factors.  In the Presentence Investigation Report (PSR) prepared in this

matter, the United States Probation Office determined the applicable guidelines range to be a

term of 63 to 78 months' imprisonment, plus a mandatory minimum 84 months' imprisonment,

to run consecutively.  The Probation Office calculated a Total Offense Level of 20 and a

Criminal History Category of V.  In accordance with Section 6A1.2 of the Sentencing Guidelines

Manual and this Court's policy regarding sentencing, the United States represents that it has

reviewed the PSR and consulted with the Probation Office.  The government does not dispute

any of the sentencing factors set forth in the PSR or the guidelines range calculation.

For the reasons outlined below, the United States respectfully submits that a sentence at

the high end of the guidelines range is appropriate in this case and would be sufficient, but not

greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

## I.  **Background**

On February 4, 2016, a federal grand jury indicted the defendant on four counts, all stemming from the robbery of a Shell gas station store on December 27, 2015: conspiracy to interfere with commerce by means of robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); interference with commerce by means of robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 2); using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 3); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 4).  Docket No. 1.  On April 26, 2016, the defendant pleaded guilty to all four charges without a plea agreement.  Docket Nos. 37-41.  The defendant is scheduled to appear before this Court for sentencing on July 27, 2016, at 2:00 p.m.

## II.  **Position on Sentencing and Argument**

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process.  First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range."  *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006).  "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'"  *Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)).  In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

A)    Nature and Circumstances of the Offense

The nature and circumstances of the offense are exceptionally serious.  Two days after Christmas of last year, late at night, the defendant and his co-defendant, both members of a violent Bloods street gang, walked into a Shell gas station store wearing red bandanas over their faces.  The defendant told the clerk, who was alone in the store, that he would kill her if she did not give him the money from the register.  As she attempted to open the register, the defendant brandished a firearm and began counting down from ten, intimating that he would shoot her if she could not open the drawer before he finished.  Thankfully, the clerk was able to do so in time.  The defendant and his co-defendant stole the cash in the register and left.

Portsmouth police officers responded quickly, and two officers on their way to the scene spotted the defendant and his partner driving away from the Shell station.  After they realized officers were following them, the men led multiple police units on a high-speed chase through a residential neighborhood.  The co-defendant stopped the car, and both men fled on foot in different directions.  The defendant carried the handgun he had brought into the store; his co-defendant left a loaded revolver in the car.  The defendant, while armed, led officers on a chase through several backyards in the neighborhood before he was caught.  After the defendant was arrested, officers retraced his steps and recovered his hat and his loaded .40 caliber Glock semi-automatic handgun.

After the men were arrested, co-defendant Nathaniel Mitchell wrote a letter to a fellow Bloods gang member in which he described the arrest and the evidence the police had recovered.  *See* Docket No. 43, Mitchell PSR ¶ 5.  Mitchell encouraged the other gang member to locate the Shell store clerk at the state preliminary hearing and attempt to intimidate her into refusing to

testify: "Let her know that if she shows up again that she will be dealt with." *Id.* Alternatively, Mitchell wrote, "just kill the b*tch. (That's up to Bro)." *Id.*

B)      History and Characteristics of the Defendant

The defendant is 25 years old. He was raised primarily by his mother in Virginia. PSR ¶ 54-55. The defendant's basic needs were met, and he did not suffer from any type of abuse. PSR ¶ 55. He dropped out of Western Branch High School in 10th grade. PSR ¶ 61. The defendant, his mother, and the mother of his child all report he suffers from anger management problems. PSR ¶¶ 55, 56, 59. The defendant's mother and the mother of his child both indicated that he could be physically aggressive. PSR ¶¶ 55, 56. The defendant now reports that he has substance abuse problems with alcohol, cocaine, marijuana and ecstasy. PSR ¶ 60. In interviews for his pre-trial bond report and a prior state pre-sentence report, however, the defendant had denied having any substance abuse problems. PSR ¶ 60. Between four previous terms of incarceration, the defendant worked for several employers for short periods of time. PSR ¶¶ 63-70.

The defendant earned a criminal history category of V in an unusually short timeframe. His criminal record is serious and demonstrates an escalating pattern of behavior. As an adult, the defendant has been convicted of resisting arrest, destruction of property, carrying a concealed weapon, and burglary, among numerous other convictions. PSR ¶¶ 30-36. He has been arrested on a number of other charges that were dismissed or *nolle pross*'d, including mob assault and multiple charges of assault and battery. PSR ¶¶ 42-51. These charges and convictions are consistent with the defendant's self-reported anger management problems.

C.    The Need for Specific Deterrence

The government submits that the defendant's criminal history and actions in committing these new crimes show a significant need for specific deterrence that will protect the public from further crimes. Four previous short-term incarcerations in the state system and ongoing supervision by the state court did nothing to deter him from graduating to armed robbery. The defendant has stolen, and been jailed for stealing, before. PSR ¶ 36. This time, he armed himself with a gun and made a credible threat to use it against a woman working the night shift. There is no evidence in the video of the robbery that the clerk failed to comply with any of the defendant's demands. Despite that, he brandished a handgun and threatened multiple times to kill her. He then ran from the police with that gun in his hand, putting everyone around him— police officers and civilians in the neighborhood—in further danger. The defendant is part of a violent Bloods street gang, and his partner tried to use a fellow gang member to intimidate or kill the victim in this case. All types of armed robberies are serious, but this crime is near the top of the range. The defendant showed by his actions, both during and after the crime, that the lives of others mean little to him. For all these reasons, the government asks for a sentence at the top end of the guidelines range.

**III.  Conclusion**

Taking all the Section 3553(a) factors into account, the government respectfully submits that a sentence at the high end of the guidelines range is appropriate and not greater than necessary to reflect the seriousness of this case, promote respect for the law, and afford specific deterrence to this defendant.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:    _____/s/_____
Andrew Bosse
Joseph E. DePadilla
Assistant United States Attorneys
John F. Butler
Special Assistant United States Attorney
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
andrew.bosse@usdoj.gov
joe.depadilla@usdoj.gov
john.f.butler@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20th day of July, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, including:

Keith L. Kimball, Esq.
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Office Number: 757-457-0800

*Attorney for Defendant Anthony Derrell Foye*

I HEREBY CERTIFY that on this 20th day of July, 2016, I sent by electronic mail a true and correct copy of the foregoing to the following:

Leah D. Greathouse
U.S. Probation Officer
600 Granby Street, Suite 230
Norfolk, Virginia 23510

_____/s/_____
Andrew Bosse
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
andrew.bosse@usdoj.gov